KRAMER, Chief Judge,
concurring in the result:
I agree that the appellant’s motion for reconsideration should be granted; concur in the affirmance of the May 16, 1996, decision of the Board of Veterans’ Appeals; and agree, albeit for somewhat different reasons, that the appellant’s reconsideration arguments should be rejected.
The appellant argues that, in the 1956 adjudication, a VA regional office (RO) committed grave procedural error as defined in Hayre v. West, 188 F.3d 1327 (Fed.Cir.1999), because the RO failed to adjudicate a claim for service connection for eye disease and committed duty-to-assist errors in failing to provide a medical examination and to obtain certain service medical records (SMRs) specifically requested by the appellant. However, even assuming that in 1956 VA erred in not adjudicating such an eye-disease claim, the appellant has not demonstrated a requisite element of his claim for grave procedural error, that in 1956 VA had a mandatory duty to assist — -whether to provide a medical examination or whether to obtain the appellant’s SMRs or to notify the appellant if SMRs that had been requested were not found. See Cook v. Principi, 258 F.3d 1311, 1315 (Fed.Cir.2001) (burden is on appellant to support claim that in 1952 RO was required to conduct medical examination to fulfill duty to assist).
The appellant appears to believe that the Court in its September 7,1999, opinion determined that his asserted claim for service connection for eye disease had been adjudicated in 1956. The Court held, however, that the appellant’s 1956 claim for service connection for “poor vision” (Record at 31) was fully adjudicated by the RO as a claim for service connection for defective vision only. Because the Court, in essence, concluded that the appellant had made no claim in 1956 for service connection for eye disease (a determination with which I continue to agree), there is no merit to the appellant’s arguments that VA was required to adjudicate any such eye-disease claim, to apply the presumptions of soundness and aggravation to the facts of such an eye-disease claim, or to apply the rating schedule to that disease. Nevertheless, I note that it does appear that in 1970 the RO purported to reopen his 1956 claim but then adjudicated a claim for non-service-connected pension based on blindness due to eye disease, thus leaving open the *305 question of whether a claim to reopen a previously and finally disallowed claim for poor vision and a new claim for eye disease remain pending. Regardless, I further note that it appears that the appellant has filed (as part of his Notice of Disagreement as to the November 1993 RO denial of his claim of clear and unmistakable error in the 1956 RO decision) a claim for service connection for his eye disease and that VA has not adjudicated that claim.